UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDIRA RODRIGUEZ PERALTA, and ELIZABETH DEL CARMEN SUMOZA PEREIRA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>SHERIDAN CORP. (D/B/A SHERIDAN MARKET), 191 EAST 161 STREET CORP. (D/B/A SHERIDAN MARKET), 191 E. 161 STREET GOURMET DELI CO. LLC (D/B/A SHERIDAN MARKET), ANDY NASSER, AYAD NASSER, DERHIM NASSER, RASHAD SALEH, and IMELDA GJUSHI,<br><br>*Defendants.* | 18-cv-12307-GBD<br><br>SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Indira Rodriguez Peralta and Elizabeth Del Carmen Sumoza Pereira ("Plaintiffs") on the one hand, Sheridan Corp. (d/b/a Sheridan Market), 191 East 161 Street Corp. (d/b/a Sheridan Market), and 191 E. 161 Street Gourmet Deli Co. LLC (d/b/a Sheridan Market) ("Defendant Corporations"), Andy Nasser, Ayad Nasser, Derhim Nasser, Rashad Saleh, and Imelda Gjushi ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-12307-GBD (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

1231196.1

①

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Upon receipt of a W-9 for Plaintiffs and Plaintiff's Counsel, Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Twenty-Nine Thousand Dollars and No Cents ($29,000.00) (the "Settlement Amount") Plaintiffs or their agents or attorneys, as follows, and agree to upon Plaintiffs' counsels' request that they shall execute a Confession of Judgment as attached hereto as Exhibit A in the amount of $29,000 to be held in escrow by Plaintiffs' Counsel, as follows:

(a) Installment One: A post-dated check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiffs' counsel.

(b) Installments Two through Six: Payments shall be in 5 monthly payments of Four Thousand Eight Hundred Dollars ($4,800.00) by check made payable to "Michael A. Faillace Esq., as Attorney for Plaintiffs" to be initiated on the first business day after thirty (30) days from the date of the prior installment and delivered to Plaintiffs' counsel.

(c) Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement. Determination of the Plaintiffs' shares, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

2 (a). Plaintiffs' counsel shall file with the court a stipulation of dismissal as against the Defendants, with prejudice, in the form set forth in Exhibit B to this Agreement once the Agreement has been approved by the Court and the first payment check has been received by Plaintiffs and cleared Plaintiffs' counsel's escrow account and once the consent judgment has been entered by the Court. There shall be no distribution of settlement funds from Plaintiffs' counsel's escrow account until the Court "so orders" the dismissal of this action.

2 (b). In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount for any established bounced check fee. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately seek enforcement of this agreement and may enter the judgment based on the confession of judgment deducting any amount already paid concurrently with the execution of this Agreement, Defendants Sheridan Corp. (d/b/a Sheridan Market), 191 East 161 Street Corp. (d/b/a Sheridan Market), 191 E 161st Street Gourmet

Deli Co. LLC (d/b/a Sheridan Market), Andy Nasser, Ayad Nasser, Derhim Nasser, Rashad Saleh, and Imelda Gjushi shall each execute and deliver to counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' hereby irrevocably and unconditionally release counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, *i.e.*, one of the postdated checks fails to clear Plaintiffs' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Raymond Nardo, Esq., at 129 Third Street, Mineola, NY 11501 and by email to Raymondnardo@gmail.com. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2(c)   Indemnification: Plaintiffs and/or their counsel shall receive IRS form 1099's for the Settlement Amount. Plaintiffs shall be solely responsible for the payment of any taxes owed on the Settlement Payments. Plaintiffs represent that no tax advice has been given to them by Released Parties or their representatives, and the Released Parties make no representation or guarantee as to the tax consequences of these payments. Plaintiffs hereby agree to indemnify and hold harmless Released Parties in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiffs for any failure by them to properly report the payment.

3.   Release and Covenant Not To Sue:   Plaintiffs hereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation, or any other wage and hour claims, that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

4.   No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.   Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

6.   Acknowledgments:   Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Raymond Nardo, Esq.
**Raymond Nardo, P.C.**
129 Third Street
Mineola, NY 11501
Tel: (516) 248-2121
Fax: (516) 742-7675
Email: raymondnardo@gmail.com

8. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and



PLAINTIFFS:

By: _____[signature]_____  Date: 8/1/2019
    INDIRA RODRIGUEZ PERALTA

By: _____[signature]_____  Date: 8/1/2019
    ELIZABETH DEL CARMEN SUMOZA PEREIRA

DEFENDANTS:

By: _____  Date: _____
    SHERIDAN CORP.

By: _____  Date: _____
    191 EAST 161 STREET CORP.

By: _____  Date: _____
    191 E 161ST STREET GOURMET DELI CO. LLC

By: _____  Date: _____
    ANDY NASSER

By: _____  Date: _____
    AYAD NASSER

By: _____  Date: _____
    DERHIM NASSER

By: _____  Date: _____
    RASHAD SALEH

By: _____  Date: _____
    IMELDA GJUSHI

that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

    11.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____  Date: _____
    INDIRA RODRIGUEZ PERALTA

By: _____  Date: _____
    ELIZABETH DEL CARMEN SUMOZA PEREIRA

DEFENDANTS:

By: _[signature]_____  Date: 07/29/2019
    SHERIDAN CORP.

By: _[signature]_____  Date: 07/29/2019
    191 EAST 161 STREET CORP.

By: _[signature]_____  Date: 07/29/2019
    191 E 161ST STREET GOURMET DELI CO. LLC

By: _[signature]_____  Date: 07/29/2019
    ANDY NASSER

By: _[signature]_____  Date: 07/29/2019
    AYAD NASSER

By: _[signature]_____  Date: 07/29/2019
    DERHIM NASSER

By: _[signature]_____  Date: 07/29/2019
    RASHAD SALEH

By: _[signature]_____  Date: 07/29/2019
    IMELDA GJUSHI

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

---------------------------------x
INDIRA RODRIGUEZ PERALTA, and :
ELIZABETH DEL CARMEN SUMOZA :
PEREIRA, *individually and on behalf of* : Index No.:
*others similarly situated,* :
 :
              Plaintiffs, : **AFFIDAVIT OF CONFESSION OF**
 : **JUDGMENT**
    -against- :
 :
SHERIDAN CORP. (D/B/A SHERIDAN :
MARKET), 191 EAST 161 STREET :
CORP. (D/B/A SHERIDAN MARKET), :
191 E. 161 STREET GOURMET DELI :
CO. LLC (D/B/A SHERIDAN MARKET),
ANDY NASSER, AYAD NASSER,
DERHIM NASSER, RASHAD SALEH,
and IMELDA GJUSHI,

             *Defendants.*
---------------------------------x

Andy Nasser, Ayad Nasser, Derhim Nasser, Rashad Saleh, Imelda Gjushi, Sheridan Corp., 191 East 161 Street Corp., and 191 E. 161 Street Gourmet Deli Co. LLC (collectively "Defendants"), jointly and severally, being duly sworn, deposes, and says:

1. This Confession of Judgment is for a debt justly due and owing to Plaintiffs for the settlement of the matter in the United States District Court, Southern District of New York, Case No. 18-cv-12307, entitled *Indira Rodriguez Peralta et al. v. Sheridan Corp et al.* (hereinafter, "Action").

2. It is expected that the Court will enter a judgment (hereinafter, "Judgment") against Defendants in the Action. Defendants consent to Plaintiffs' application for the Judgment.

3. Defendants confess judgment in favor of Plaintiffs and authorizes entry thereof in the amount of $29,000.00, less any monies paid pursuant to the Settlement Agreement between Plaintiffs and Defendants in connection with the Action, together with reasonable attorney's fees incurred in entering and enforcing the judgment and costs, and interest on judgment as provided in 28 U.S.C. §1961.

⑦

4. Defendants authorize entry of judgment in the following locations: United District Court for the Southern District of New York, United District Court for the Eastern District of New York, New York County, and Bronx County.

5. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability.

Dated: 07/29/2019 , 2019

**Sheridan Corp.**

By: *Ayad Nasser*

**191 East 161 Street Corp.**

By: *Derhim Nasser*

**191 E. 161 Street Gourmet Deli Co. LLC**

By: *Derhim Nasser*

**Andy Nasser**

*Andy Nasser*

**Ayad Nasser**

*Ayad Nasser*

**Derhim Nasser**

Derhim Nasser

**Rashad Saleh**

*Rashad Saleh*

**Imelda Gjushi**

*Imelda Gjushi*

(8)

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA RODRIGUEZ PERALTA and ELIZABETH DEL CARMEN SUMOZA PEREIRA, *individually and on behalf of others similarly situated*,

Plaintiffs,

-against-

SHERIDAN CORP. (D/B/A SHERIDAN MARKET), 191 EAST 161 STREET CORP. (D/B/A SHERIDAN MARKET), 191 E. 161 STREET GOURMET DELI CO. LLC (D/B/A SHERIDAN MARKET), ANDY NASSER, AYAD NASSER, DERHIM NASSER, RASHAD SALEH, and IMELDA GJUSHI,

Defendants.

18-CV-12307-GBD

STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action against Defendants Sheridan Corp. (d/b/a Sheridan Market), 191 East 161 Street Corp. (d/b/a Sheridan Market), 191 E. 161 Street Gourmet Deli Co. LLC (d/b/a Sheridan Market), Andy Nasser, Ayad Nasser, Derhim Nasser, Rashad Saleh, and Imelda Gjushiare, hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
July 29, 2019

_____
Raymond Nardo, Esq.
RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
Tel: 516-248-2121
Fax: 516-742-7675
Email: raymondnardo@gmail.com
*Attorneys for Defendants*

_____
Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: 212-317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiffs*